UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID BARNER,

    Petitioner,

    v.

LEON HILL, Warden,
Marion Correctional Institution,

    Respondent.

Case No. 2:21-cv-2934
Judge MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## ORDER AND REPORT AND RECOMMENDATION

Petitioner David Barner, who is proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254 (Am. Petition, ECF No. 10.)  Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action.  Petitioner has also filed an Amended Motion for Leave to Proceed *In Forma Pauperis* (ECF No 11.)  The case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  If it does so appear, the petition must be dismissed.  (*Id.*)  Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false."  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  Here, Petitioner's payment of the full filing fee (Receipt, ECF No. 9) obviates any need to proceed *in forma pauperis*.  Also, for the reasons that follow, it

plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred in part by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d) and is in part procedurally defaulted. The undersigned therefore **DENIES AS MOOT** the Motion for Leave to Proceed *In Forma Pauperis* and **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE**.

## I.

The Fourth District Court of Appeals set forth the background and procedural history as follows:

> {¶ 3} In case number 09–CR–003, a grand jury indicted Barner on two counts of pandering obscenity involving a minor, two counts of pandering sexually oriented matter involving a minor, two counts of sexual battery, and two counts of gross sexual imposition. In case number 09–CR–114, Barner was charged in a bill of information with one count of pandering obscenity involving a minor. The trial court never officially consolidated these cases.
>
> {¶ 4} The trial court entered a nollee prosequi on the sexual battery charges, and Barner pleaded guilty to the remaining charges. The court immediately sentenced Barner in 09–CR–114 but scheduled sentencing in 09–CR–003 for a later date. Before the second sentencing hearing, Barner filed a pro se motion to withdraw his guilty plea in 09–CR–114 based on ineffective assistance of counsel. At a hearing, the parties and court treated Barner's motion as one to withdraw his pleas in both cases and acted as if the cases had been consolidated. They considered Barner's motion as a pre-sentence motion to withdraw all of his guilty pleas (because the trial court had not yet sentenced him on the 09–CR–003 charges, making his sentence in 09–CR–114 interlocutory) instead of treating it as a post-sentence motion to withdraw his plea in 09–CR–114. The court denied Barner's motion, stating:
>
> The defendant does not have an absolute right to withdraw his guilty plea's [sic] prior to sentencing. To determining [sic] if the defendant should be allowed to withdraw a plea of guilty prior to sentencing the trial court conducted the hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. The defendant did not meet his burden and the Court found no reasonable or legitimate basis for the withdrawal of the plea. (Footnotes omitted.)
>
> {¶ 5} This appeal followed.
>
> II. Assignments of Error

> {¶ 6} Barner assigns two errors for our review:
>
> **ASSIGNMENT OF ERROR I**
>
> **David Barner was deprived of his right to due process when the trial court accepted unknowing, unintelligent, and involuntary guilty pleas. Fourteenth Amendment, United States Constitution; Section 10, Article I, Ohio Constitution. (August 27, 2009 Transcript, at 4–10).**
>
> **ASSIGNMENT OF ERROR II**
>
> **The trial court abused its discretion when it denied Mr. Barner's November 23, 2009 motion to withdraw his guilty pleas. (March 1, 2010 Transcript, at 4–27); (April 15, 2010 Entry).**

*State v. Barner*, 4th Dist. Meigs No. 10CA9, 2012-Ohio-4584 (Jul. 5, 2012) ("*Barner I*")

(emphasis in original). The state appellate court overruled both assignments of error and

affirmed Petitioner's sentence (*Id*. at ¶ 29.) The Supreme Court of Ohio declined jurisdiction on

November 7, 2012. *State v. Barner*, No. 2012-1402, 133 Ohio St. 3d 1467, 2012-Ohio-5149.

> {¶4} In 2019, nine years after his conviction, Barner filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence in which he contended that the trial court did not comply with statutory requirements for imposing consecutive sentences. He argued that he was denied the protections of R.C. 2929.14(C)(4) because the trial court did not make factual findings before imposing consecutive sentences. He claimed he "was told at sentencing that the law requiring the fact finding was no longer required" but in 2014 the Supreme Court of Ohio upheld the factual findings requirement in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. The trial court summarily found his petition "not well-taken" and denied it. Barner appealed.
>
> II. ASSIGNMENTS OF ERROR
>
> {¶5} Barner assigns the following errors for our review:
>
> 1. The trial court erred by denying Barner's motion to vacate his sentences because the trial court unlawfully ordered Barner to serve consecutive sentences, in violation of his rights to due process, guaranteed by Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.
>
> 2. The trial court erred by denying Barner's motion to vacate his sentences because the trial court erred by ordering Barner to serve his prison sentences consecutive to his community control sentence, in violation of his rights to due process, guaranteed

3

by Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

*State v. Barner*, 4th Dist. Meigs Nos. 19CA11, 19CA12, 2021-Ohio-654 (Mar. 3, 2021) ("*Barner II*"). The Fourth District concluded that the claims were time-barred (*id*. at ¶¶ 9-10), and that "even if the trial court could entertain Barner's petition, the doctrine of res judicata bars his attempt to challenge his sentence." (*Id*. at ¶ 12.)

On July 19, 2021, Petitioner filed his initial Petition (ECF No. 5), and on August 23, 2021, he filed his Amended Petition (ECF No. 10 at PageID # 91.) He raises the following claims for relief: (1) The trial court improperly refused to allow him to withdraw his guilty plea; (2) His sentence was contrary to law; and (3) "Judicial factfinding was the law when I was sentenced." (*Id*. at PageID # 82, 84, 85.)

## II.

**A.    Statute of Limitations (Claim One)**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

The statute of limitations began to run on November 7, 2012, when the Supreme Court of Ohio declined jurisdiction. The statute of limitations expired one year later, on November 7, 2013. Petitioner then waited more than seven years to file his initial Petition. Thus, AEDPA's statute of limitations had long expired when this action began. Accordingly, Claim One, which was litigated on direct appeal (Am. Petition, ECF No. 10 at PageID # 83), is time-barred.

**B.     Procedural Default (Claims Two and Three)**

A federal habeas corpus petitioner must exhaust his claims in the state court before he may bring those claims before this Court. 28 U.S.C. § 2254(b). This can be shown by demonstrating that: (1) the highest court of a state has adjudicated the merits of the claim; or (2) under state law, the claims are procedurally barred. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). However, if a claim is procedurally barred under state law because "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, [then] federal habeas review of the claims is barred." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also*, *e.g.*, *Coleman v. Mitchell*, 244 F.3d 533, 538-39 (6th Cir. 2001), citing *State v. Perry*, 10 Ohio St. 2d 175 (1967), paragraphs eight and nine of the syllabus (holding that the "*Perry* rule" regarding *res judicata* was an adequate and independent

state law ground upon which to find a claim procedurally defaulted, and thus, bar its consideration in a district court).

Nonetheless, there are certain requirements that the government must prove by a preponderance of the evidence before the procedural default rule bars claims in this Court. *First*, a petitioner must have actually violated the state procedural rule; a state court's mistaken interpretation of a rule, or mistaken finding that the petitioner violated that rule, will not suffice. *Lee v. Kemna*, 534 U.S. 362, 376-77, 387 (2002); *Trevino v. Texas*, 503 U.S. 562, 567 (1992). *Second*, the case must not fall within an exception to the state procedural rule which the petitioner is alleged to have violated; *e.g.*, if the gravamen of a petitioner's ineffective assistance of counsel claim is based on evidence outside the trial court record, then failure to raise that claim on direct appeal does not constitute a procedural default. *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007). *Third*, the state court, in its last explained decision, must expressly state that a claim has been procedurally defaulted by failing to comply with a procedural rule; otherwise, "[w]hen a federal claim has been presented to a state court[,] and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication [of such a holding] or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). *Finally*, the state procedural rule must be "adequate"—that is, it must have been clearly announced, firmly established[,] and regularly and consistently applied by the state. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *James v. Kentucky*, 466 U.S. 341, 348-49 (1984); *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1983); *Davis v. Wechsler*, 263 U.S. 22, 24 (1923)).

Here, Petitioner attempted to raise Claims Two and Three in postconviction. The Fourth District, in the last reasoned state court decision, concluded that the claims were time-barred

6

because he failed to raise them within the allotted statutory period. *Barner II*, 2021-Ohio-654 at ¶¶ 9-10, citing Ohio Rev. Code § 2953.21(A)(2); *State v. Rinehart*, 4th Dist. Ross No. 17CA3606, 2018-Ohio-1261, ¶ 13 (Mar. 29, 2018); *State v. Heid,* 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 15 (Apr. 26, 2016).  In the alternative, the court held that the claims were barred by *res judicata*. *Id*. at ¶ 12, citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 41; *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, ¶ 97.  Both the time bar and *res judicata* satisfy the four-part test for procedural default detailed above.  Petitioner violated the procedural rules without appearing to fall into an exception, the appellate court expressly stated that the claims were barred due to failure to follow those rules, and both rules were clearly established and regularly applied at the time of the decision.  Accordingly, Petitioner has procedurally defaulted Claims Two and Three, and this Court may not consider those claims.

      Finally, in the section regarding grounds that were not presented in state or federal court, Petitioner states:  "I was sentenced under the Adam Walsh act and not the Megan Tokes act. It is suppose [*sic*] to be when the crime was committed, not when I was sentenced." (Am. Petition, ECF No. 10 at PageID # 89.)  However, Petitioner fails to explain why he failed to present this claim in the state court; absent fair presentation, this Court may not consider the claim.  28 U.S.C. § 2254(b)(1)(A).  Moreover, the claim appears to be barred under the same statute of limitations and *res judicata* grounds as Claims One through Three.

7

## III.

For the foregoing reasons, the undersigned **DENIES AS MOOT** Petitioner's Motion for Leave to Proceed *In Forma Pauperis* and **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE