UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID BARNER,

Petitioner,

v.

Case No. 2:21-cv-2934
Judge Michael H. Watson
Magistrate Judge Vascura

LEON HILL, Warden,
Marion Correctional Institution,

Respondent.

## ORDER

David Barner ("Petitioner"), who is proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Am. Petition, ECF No. 10. On September 17, 2021, the Magistrate Judge recommended that the Amended Petition be denied. R&R, ECF No. 12. The R&R recommended that Claim One be dismissed as barred by the statute of limitations and that Claims Two and Three be dismissed as procedurally defaulted. *Id.* at PAGEID ## 106–09.

Petitioner, in his Objections, does not directly address these well-reasoned conclusions. Although he presents numerous arguments as to the merits of his claims and as to why the state courts erred in their prior adjudications, he does not explain why these claims could properly be considered by this Court. For instance, Petitioner argues that "[t]he Judgment Entry from the Meigs County Appellate Court states there were reasonable grounds for this appeal. The Ohio

Supreme Court does not take Post Conviction cases. That is why they didn't take it." Obj., ECF No. 15, PAGEID # 121. Not so. As the R&R correctly stated, the Fourth District Court of Appeals rejected Petitioner's post-conviction claims as barred by the statute of limitations and *res judicata*. R&R, ECF No. 12 at PAGEID ## 108–09 (citing *State v. Barner*, 4th Dist. Meigs Nos. 19CA11, 19CA12, 2021-Ohio-654, ¶¶ 9-10-12. (Mar. 3, 2021)).

Petitioner attempts to explain his tardiness in filing the instant Petition by arguing that "I was then told by inmates in the legal library that there was no hurry to file in the Federal Courts, it was not time barred." *Id*. at PAGEID # 120. Reliance on so-called "jailhouse lawyers" is not the basis for an estoppel-based equitable tolling of the statute of limitations, and waiting over seven years after the statute expired does not constitute the due diligence necessary to toll the statute. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Jones v. Shoop*, No. 2:19-cv-1849, 2019 WL 2295417 (S.D. Ohio May 40, 2019) ("A petitioner's reliance on jailhouse lawyers is not an extraordinary circumstance warranting equitable tolling." (cleaned up)).

Finally, Petitioner claims that he "received no benefit for pleading guilty." Obj., ECF No. 15, PAGEID # 120. To the extent that the argument is independent of the claims previously raised and rejected, it is irrelevant to the statute of limitations and procedural default issues and, in any event, may not be considered by the Court for the first time on Objections to an R&R.

Thus, Petitioner's Objections are unavailing.

Accordingly, the R&R is **ADOPTED**, Petitioner's Objections are **OVERRULED**, the Petition is **DENIED**, and the action is **DISMISSED WITH PREJUDICE**. Judgment shall enter in favor of the Respondent Warden and against Petitioner.

Additionally, the Court finds that jurists of reason would not find the Court's procedural ruling debatable. Therefore, the Court **DECLINES** to issue a certificate of appealability. See Shoop, 2019 WL 2295417, at *3.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON JUDGE**
**UNITED STATES DISTRICT COURT**